UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MANEL MAUVAIS,
       Plaintiff/Petitioner

   v.                                          CIVIL ACTION NO. 13-13032-GAO

NATHALIE HERISSE,
       Defendant/Respondent

MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons set forth below, the Court: (1) grants plaintiff's Motion for Leave to Proceed *in forma pauperis*; (2) directs the Clerk to issue a summons for service of the Complaint; and (3) grants, in part, plaintiff's Motion for Temporary Restraining Order and Expedited Hearing by prohibiting the Defendant from removing the minor children (MM and RM) from the Commonwealth of Massachusetts pending the final disposition of this matter.

**I.**  **Background**

Plaintiff Manel Mauvais ("plaintiff"), through counsel, has filed a Verified Complaint and Petition for the Return of Children Pursuant to the Hague Convention. See Docket No. 1. The Complaint is accompanied by a Motion for Leave to Proceed *in forma pauperis* and a Motion for Temporary Restraining Order and Expedited Hearing. See Docket Nos. 2, 3.

The Petition is brought pursuant to the Hague Convention on the Civil Aspects of Child Abduction, art. 2, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, reprinted in 51 Fed.Reg. 10,494 (Mar. 26, 1986) (the "Hague Convention" or the "Convention"), as implemented by the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601 et seq., seeking, among other things, to compel Nathalie Herisse ("defendant") to appear in court to show cause why the minor children MM and RM should not be returned to Canada. The complaint alleges that RM was brought from Canada to the United States on August 25, 2013 by

the defendant's aunt, and has been retained here without plaintiff's consent. The complaint alleges that plaintiff last saw MM on September 13, 2013, and it is presumed that she traveled to the United States with defendant's aunt as well as the defendant and RM.

## II.     Discussion

### A.     Filing Fee

Petitioner has not paid the $350.00 filing fee and the $50.00 administrative fee,[1] see 28 U.S.C. § 1914(a) ($350.00 filing fee for all non-habeas civil actions), and has submitted an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application" or "Motion to Proceed *in forma pauperis*"). Based upon the financial disclosures in the Application, the Court concludes that Mauvais has adequately shown that he is without means to prepay the filing and administrative fees. The Court therefore grants the Motion to Proceed *in forma pauperis*.

## III.    Motion Under the Hague Convention for Entry of a Temporary Restraining Order and Scheduling of an Expedited Hearing

The Court has authority to prevent a child's concealment or removal from the District until the Petition is ruled upon. See 42 U.S.C. § 11604(a); Fed. R. Civ. P. 65. ICARA expressly authorizes a court to "take or cause to be taken measures under Federal or State law, as appropriate, ... to prevent the child's further removal or concealment before the final disposition of the petition." 42 U.S.C. § 11604(a).

Given the representations made to the Court by plaintiff, and the very serious irreparable harm that is likely to result both to the children and to plaintiff in the event the children are

---

[1] The $50.00 administrative fee became effective May 1, 2013. See Judicial Conference Fee Schedule.

wrongly removed from this jurisdiction, a Temporary Restraining Order is justified to preserve the status quo pending a hearing.  For purposes of Fed. R. Civ. P. 65(b), plaintiff has made a sufficient showing that unless the injunction is granted, he may sustain immediate and irreparable injury before there is an opportunity to hear from all parties.  From the present record, it does not appear that irreparable harm to defendant will result from the granting of this temporary injunction. The balance of hardships tips in favor of plaintiff.  Issuance of an injunction without prior notice to defendant is necessary due to the possibility (judging by plaintiff's submissions) that the children might be concealed or taken from this jurisdiction before the injunction can be served.  The Court, in the exercise of its discretion, declines to require plaintiff to post a bond as a condition of obtaining this injunction.  Thus, plaintiff's Motion for Temporary Restraining Order will be granted as to prohibiting the defendant from removing the minor children MM and RM from this Court's jurisdiction pending the final disposition of this matter.  42 U.S.C. § 11604.

## ORDER

Having considered Petitioner's submissions, it is hereby ORDERED that:

1) The motion (Docket No. 2) for leave to proceed *in forma pauperis* is allowed;

2) The Clerk shall issue a summons for service of the complaint on defendant Nathalie Herisse.

3) The Clerk shall send the summons and this Order to plaintiff's counsel, who must thereafter, arrange for service of the Complaint, the Motion for Temporary Restraining Order and this Order on defendant Nathalie Herisse in accordance with Rule 4 of the Federal Rule of Civil Procedure.

4) The plaintiff may elect to have service made by the United States Marshal Service.  If directed by the plaintiff to do so, the United States Marshal shall serve the summons, complaint, Motion for Temporary Restraining Order and this Order upon the defendant, in the manner directed by the plaintiff, with all costs of

        service to be advanced by the United States. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service.

5)      Plaintiff's Motion for Temporary Restraining Order and Motion for Expedited Hearing (Docket No. 3) is granted, in part, by prohibiting the defendant from removing the minor children MM and RM from the Commonwealth of Massachusetts pending the final disposition of this matter. 42 U.S.C. § 11604. The Court defers ruling on the remaining issues raised by Plaintiff Motion for Temporary Restraining Order at this time. The order shall become effective at the time of entry, and shall remain in effect until December 18, 2013 at 5 p.m., or until otherwise dissolved or modified by the Court, whichever is earlier.

SO ORDERED.

 December 4, 2013                           /s/ George A. O'Toole, Jr.
DATE                                      GEORGE A. O'TOOLE, JR.
                                              UNITED STATES DISTRICT JUDGE